UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

CHRISTIAN WILLIAMS,

                          Plaintiff,

    -against-

CITY OF NEW YORK, CHRISTOPHER LAZARRE, Individually,
SAMUEL GARCIA, Individually, and JOHN AND JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                    Defendants.
------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>

Plaintiff CHRISTIAN WILLIAMS, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

### VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.      Plaintiff CHRISTIAN WILLIAMS is a twenty-three-old man residing in Queens, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants CHRISTOPHER LAZARRE, SAMUEL GARCIA, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On September 13, 2019, at approximately 9:15 p.m., plaintiff CHRISTIAN WILLIAMS was standing in the vicinity of 101 Astor Place, New York, New York, when he was approached by a defendant officer believed to be CHRISTOPHER LAZARRE.

13. Defendant LAZARRE demanded plaintiff's identification.

14. Plaintiff asked why he needed to give his identification and in response an officer believed to be LAZARRE accused plaintiff of skateboarding.

15. Plaintiff had not been skateboarding when he was approached by the defendant NYPD officers. Rather, plaintiff's skateboard was strapped onto a CitiBike and not in use.

16. When plaintiff continued to lawfully protest that he had not been skateboarding, defendants LAZARRE and a second officer, believed to be SAMUEL GARCIA, became aggressive with plaintiff, physically grabbing him and threatening to arrest him without justification or probable cause.

17. Plaintiff backed away from the officers in fear and was then physically grabbed and tasered, by upon information and belief, defendant LAZARRE .

18. Terrified for his life and having not committed any crime or offense to justify his arrest or defendants' use of unlawful force, plaintiff ran from defendants.

19. Plaintiff was pursued by multiple officers, one of whom unreasonably and intentionally swerved into plaintiff with their vehicle.

20. Plaintiff was taken to the ground by defendants JOHN DOE 1 and JOHN DOE 2, one of whom was painfully putting pressure on plaintiff's head and back.

21. Plaintiff was arrested and placed in overtight handcuffs, particularly with respect to his left wrist.

22. Defendant officers thereafter lifted plaintiff off the ground and imprisoned him in a police vehicle and transported him to the NYPD's 9th Precinct.

23. Defendant officers continued to imprison plaintiff until September 14, 2019, when plaintiff was released following his arraignment in New York County Criminal Court on baseless charges filed under docket number CR-030040-19NY; said charges having been filed based on the false allegations of defendant LAZARRE and GARCIA, which were conveyed to the New York County District Attorney's Office.

24. In particular, defendants falsely claimed plaintiff had been skateboarding when they approached him and that plaintiff had swung at LAZARRE and struck him with a closed fist.

25. Said false evidence was used against plaintiff and formed the basis of his false arrest and the criminal charges filed against plaintiff.

26. The defendant officers initiated said prosecution with malice, and otherwise caused the prosecution to be commenced against plaintiff without probable cause.

27. Plaintiff was compelled to return to court on October 24, 2019, on which date he was granted and adjournment in contemplation of dismissal pursuant to CPL 170.55. The charges were thereafter dismissed and sealed on or about April 24, 2020.

28. Defendants LAZARRE, GARCIA, and JOHN and/or JANE 1 through 10 either directly participated in the use of force, false arrest, manufacturing of evidence, and/or malicious prosecution of plaintiff or failed to intervene in said constitutional violations despite being present for and/or aware that said violations were occurring.

29. As a result of the defendants conduct plaintiff suffered, *inter alia*, physical pain and suffering, loss of liberty, and emotional distress.

30.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to customs or practices of falsification, use of excessive force, of lax investigations of police misconduct, and of covering up abuse by fellow officers.

32.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification, and engage in cover ups of police abuse to avoid discipline for their unlawful conduct.

33.     For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

34.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights as well as physical injuries to civilians.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure

5

caused the officers in the present case to violate the plaintiff's civil rights.

35. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

36. As a result of the foregoing, plaintiff CHRISTIAN WILLIAMS sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants arrested plaintiff CHRISTIAN WILLIAMS, without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

39. Defendants caused plaintiff CHRISTIAN WILLIAMS to be falsely arrested and unlawfully imprisoned.

40. As a result of the foregoing, plaintiff CHRISTIAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff CHRISTIAN WILLIAMS' constitutional rights.

43. As a result of the aforementioned conduct of defendants, plaintiff CHRISTIAN WILLIAMS was subjected to excessive force and sustained physical and emotional injuries.

44. As a result of the foregoing, plaintiff CHRISTIAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants initiated, commenced and continued a malicious prosecution against plaintiff CHRISTIAN WILLIAMS.

47. Defendants caused plaintiff CHRISTIAN WILLIAMS to be prosecuted without probable cause until the charges were dismissed and sealed on or about April 24, 2020.

48. As a result of the foregoing, plaintiff CHRISTIAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants created false evidence against plaintiff CHRISTIAN WILLIAMS.

51. Defendants utilized this false evidence against plaintiff CHRISTIAN WILLIAMS in legal proceedings.

52. As a result of defendants' creation and use of false evidence, plaintiff CHRISTIAN WILLIAMS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

53. As a result of the foregoing, plaintiff CHRISTIAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

56. The defendants failed to intervene to prevent the unlawful conduct described herein.

57. As a result of the foregoing, plaintiff was subjected to excessive force, his liberty

was restricted, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

58. As a result of the foregoing, plaintiff CHRISTIAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

61. As a result of the foregoing, plaintiff CHRISTIAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

62. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

64. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting citizens to excessive force, arresting individuals without probable cause and engaging in a practice of falsification to cover up their abuse of authority. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

65. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

66. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

68. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK plaintiff CHRISTIAN WILLIAMS was subjected to excessive force, falsely arrested, unlawfully imprisoned, and maliciously prosecuted.

69. Defendants, collectively and individually, while acting under color of state law,

were directly and actively involved in violating plaintiff's constitutional rights.

70. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest/unlawful imprisonment;

    B.    To be free from excessive force;

    C.    To be free from the fabrication of evidence;

    D.    To be free from malicious prosecution; and

    E.    To be free from the failure to intervene.

As a result of the foregoing, plaintiff CHRISTIAN WILLIAMS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff CHRISTIAN WILLIAMS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
September 13, 2022

                                        BRETT H. KLEIN, ESQ., PLLC
                                        Attorneys for Plaintiff CHRISTIAN WILLIAMS
                                        305 Broadway, Suite 600
                                        New York, New York 10007
                                        (212) 335-0132

By:   *Brett Klein*  _____
        BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

CHRISTIAN WILLIAMS,

                                  Plaintiff,

    -against-

CITY OF NEW YORK, CHRISTOPHER LAZARRE, Individually, SAMUEL GARCIA, Individually, and JOHN AND JANE DOE 1 through 10, Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                  Defendants.
--------------------------------------------------------------------------------X

**COMPLAINT**

Index No.:

<u>Jury Trial Demanded</u>

# COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132