**MEMO ENDORSED**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: Feb. 10, 2023



| **HON. SYLVIA O. HINDS-RADIX** | T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small> | **ANDREA OSGOOD** |
|---|---|---|
| *Corporation Counsel* | **LAW DEPARTMENT** | *Senior Counsel* |
| | 100 CHURCH STREET | phone: (212) 356-2424 |
| | NEW YORK, N.Y. 10007 | fax: (212) 356-3509 |
| | | aosgood@law.nyc.gov |

February 3, 2023

**VIA ECF**
Honorable Andrew L. Carter Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: <u>Christian Williams v. City of New York, et al.</u>, 22 Civ. 7838 (ALC)

Your Honor:

  I am a Senior Counsel in the office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced matter. This office writes to respectfully request that the Court stay the instant action as to defendant Samuel Garcia until such time as he returns from his leave of absence from the New York City Police Department ("NYPD") and his representation is able to be resolved. This is the first request for a stay as to defendant Samuel Garcia. Plaintiff consents to this request.

  By way of background, plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging, inter alia, false arrest, malicious prosecution, and excessive force claims stemming from his arrest on September 13, 2019. Plaintiff names the City of New York, Christopher Lazarre, and Samuel Garcia as defendants. On September 13, 2022, plaintiff filed the Complaint in this action. (ECF No. 1). On September 14, 2022, this case was designated for participation in Local Rule 83.10. Accordingly, the parties have been participating in the Plan and applicable Plan releases were served on the City on or about December 6, 2022. As such, defendants' answer to the Complaint is due on February 6, 2023. On or about January 30, 2023, this office was informed by the 9th Precinct that Officer Garcia is currently on military leave and is expected to be deployed for approximately one year. Accordingly, this office now requests that the Court issue a stay as to Officer Garcia until he returns from military leave.

  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The person seeking a stay 'bears the burden of establishing its need.'" *Id.* (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). "[A]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." *Hicks v. City of New York*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) (internal quotation marks omitted).

A stay of the instant action as it pertains to Officer Garcia is warranted pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.S. § 3932 (formerly 50 U.S.C.S. App'x. § 522) until after such time as Officer Garcia's military leave is concluded. By its terms, this statute applies to any civil action or proceeding, where the defendant has received notice of the proceeding and is in military service or is within 90 days after termination of or release from such service. 50 U.S.C.S. § 3932(a). The operative provision states that: "At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met." 50 U.S.C.S. § 3932(a).[1] The purpose of the statute is to prevent adverse consequences to members of the armed services who are unable to appear and defend themselves. *United States v. Kaufman*, 453 F.2d 306, 308-09 (2d Cir. 1971) (citation omitted).

Pursuant to the statute, a court shall grant a servicemember's application for a stay and stay the action for at least 90 days, so long as the application includes the requisite information. 50 U.S.C.S. § 3932(b)(1). Where the party applies for a stay, the trial court must grant the request unless it is of the opinion that the ability of the defendant to defend the action is not materially affected by reason of his military service. *Davis v. Wyche*, 224 N.C. 746, 32 S.E.2d 358, 359-60 (1944). The act is always to be liberally construed to protect those who have been obliged to abandon their own affairs to assume the burdens of military service. *Galgano v. County of Putnam*, Case No. 16-CV-3572 (KMK), 2016 U.S. Dist. LEXIS 202480, at * 4 (S.D.N.Y. Nov. 15, 2016) ("[C]ourts have held that the provisions of the SCRA are to be 'liberally construed' and applied in a "broad spirit of gratitude towards service personnel.") (quoting *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

Courts have routinely granted applications to stay actions brought pursuant to § 1983, while a defendant who is on active duty in the military is unavailable to participate in the litigation because of his or her military service. *See Fernandez et al. v. City of New York et al.*, 21-CV-680 (ALC) (OTW), Docket Entry ("DE") # 26, (S.D.N.Y. November 18, 2021) (granting request to stay until after defendant officer's return from military service); *Abraham v. New York City, et al.*, 10 CV 2323, DE dated August 5, 2010 (NGG) (RER) (E.D.N.Y. Aug. 5, 2010) (granting motion to stay action pending defendant officer's return from military service); *Hollins, et al., v. City of*

---

[1] Paragraph (2) addresses the requirements for a letter that, in essence, states the manner in which military service materially affect the servicemember's ability to appear and the time when he will be available, and from the servicemember's commanding officer stating that he cannot appear because of military service. If necessary, this office will submit a letter from Officer Garcia's commanding officer at the appropriate time.

*New York, et al.*, 10 CV 1650 (LAK), DE # 8 (S.D.N.Y. Nov. 15, 2010) (granting request to stay action until after defendant's return from overseas military service); *Klieman v. City of New York, et al.*, 10 CV 8876 (DAB), DE # 16 (S.D.N.Y. Oct. 18, 2011) (granting request to extend stay until after defendant officer's return from military service); *see also Rodriguez v. City of New York et al.*, 20-CV-9840 (GHW), DE # 46 (S.D.N.Y. March 23, 2021) (granting request to stay until after defendant officer's return from military service); *Means v. McLean*, 03 CV 360 (SLT) (LB), DE # 25, Slip Op. at *1-2 (E.D.N.Y. May 6, 2005) (reversing magistrate judge's denial of stay; ruling that case was to be stayed for 90 days because of individual defendant's absence while on active military service; recognizing the individually-named defendant's primary role in the events underlying plaintiff's allegations and the lack of prejudice to plaintiff); *Smith v. City of New York et al.*, 04-CV-2663 (ILG) (RER), DE # 7 (E.D.N.Y. Oct. 28, 2004) (ordering case stayed for 90 days pending return of defendant officer from active military duty, as well as two subsequent extensions of the stay); *Cruz v. Reiner, et al.*, 11 CV 2131, DE # 62, Slip Op. at *1-2 (E.D.N.Y. March 14, 2012) (granting motion to stay pending officer's return from military service; recognizing that the statute mandates a stay, thus depriving the court of authority to deny the application in its discretion).

      Here, plaintiff alleges that Officer Garcia was one of the officers that was present at the scene of plaintiff's arrest and participated in the various alleged constitutional violations that plaintiff suffered. (ECF No. 1, ¶¶ 16, 23, 28). It would be unfair to require Officer Garcia to focus on responding to plaintiff's allegations, including undergoing this office's process of resolving representation, while he is actively engaged in military service. Accordingly, a stay as to Officer Garcia is required under the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.S. § 3932, *et seq*.

      As the case will proceed as to the remaining named defendants, this office submits that plaintiff will suffer no prejudice if this request is granted. This office further submits that, to the extent the Court is inclined to grant the within request, at the direction of the Court, the undersigned will file status letters regarding the progress of Officer Garcia's return to NYPD. Therefore, this office respectfully requests that the Court stay this action as to Officer Garcia until he returns to active service with NYPD and representation can be resolved.

      Thank you for your consideration herein.

Respectfully submitted,

/s/ *Andrea Osgood*

Senior Counsel
Special Federal Litigation Division

cc: **By ECF**
All Counsel of Record

Application is GRANTED. The instant action is stayed as to Officer Garcia until he returns to active service with NYPD.

SO ORDERED:

HON. ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

Feb. 10, 2023